IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE CASTILLO | § | C.A. No. |
| | § | |
| VS. | § | |
| | § | |
| PARKER DRILLING OFFSHORE | § | |
| COMPANY, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joe Castillo ("Plaintiff"), complaining of Defendant Parker Drilling Offshore Company, LLC, and, for cause of action, would respectfully show unto this Honorable Court the following:

## I. PARTIES

1.1     Plaintiff Joe Castillo, is a U.S. citizen and resident of Louisiana.

1.2     Defendant Parker Drilling Offshore Company, LLC ("Parker Drilling"), is a foreign limited liability company with its principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act 46 U.S.C. § 30104.

## III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV.  FACTS AND NEGLIGENCE OF DEFENDANT

4.1     At all material times hereto, Parker Drilling owned, operated and/or crewed the drilling barge *51B,* the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters at the time of the incident made the basis of this suit.

4.2     At all material times hereto, Plaintiff, although technically employed by Golf Valve & Lubricating Services, Inc., was a borrowed servant to Parker Drilling and member of the crew of the *51B*.

4.3     On or about November 12, 2015, while Plaintiff was performing his duties in the service of the vessel as directed, he sustained serious and debilitating injuries when he slipped on the vessel and fell into a rotary machine which sliced his left hand open. Plaintiff's injuries and resulting damages were caused by the negligence and/or gross negligence of Parker Drilling, and unseaworthiness of the vessel, in the following particulars, among others:

(a)     failing to take reasonable precautions for Plaintiff's safety;

(b)     failing to provide Plaintiff with a reasonably safe place to work;

(c)     failing to warn Plaintiff of known and/or existing hazards; and

(d)     other acts of negligence and/or omissions to be shown at trial herein.

## V.  COUNT 1 - JONES ACT

5.1     Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendant, its officers, agents, and/or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Defendant's breach of its absolute duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1     Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendant had, and continues to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties therefore continue.  Defendant breached its absolute duty by denying payment of maintenance and cure.  As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendant's failure, as

well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other

relief sought.

## VIII.  DAMAGES

8.1     As a direct and proximate result of Defendant's negligence and/or gross

negligence, Plaintiff suffered the following injuries and damages, including, but not limited

to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future;

(c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical

impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h)

medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j)

physical pain and suffering in the past; (k) physical pain and suffering that he is likely to

sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled,

including punitive damages.

## IX.  JURY DEMAND

9.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendant for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    713.653.5600
Facsimile:    713.653.5656
Email:         marcus@spaglaw.com

**OF COUNSEL**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    713.653.5600
Facsimile:    713.653.5656

ATTORNEYS FOR PLAINTIFF