UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| JOE CASTILLO | * | CIVIL ACTION NO. 16-CV-00024 |
|---|---|---|
| VERSUS | * | JUDGE HANKS |
| PARKER DRILLING OFFSHORE COMPANY, LLC | * | MAGISTRATE FROESCHNER |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, Parker Drilling Offshore USA, L.L.C. (erroneously referred to as "Parker Drilling Offshore Company, LLC"), who, in response to the plaintiff's Original Complaint, avers as follows:

### FIRST DEFENSE

Subject to the exceptive allegations hereinabove set forth, defendant denies each and every allegation of the plaintiff's Original Complaint, except as the same may be admitted or modified. Further responding to the said allegations, defendant avers as follows:

1.

The allegations of Paragraph 1.1 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

2.

In response to the allegations of Paragraph 1.2, Parker Drilling Offshore USA, L.L.C. admits that it is a foreign limited liability company with its corporate office in Houston, Texas. The remaining allegations of Paragraph 1.2 of the Original Complaint are denied.

3.

The allegations of Paragraph 2.1 of the Original Complaint constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, the allegations are denied. Parker Drilling Offshore USA, L.L.C. specifically denies that plaintiff qualifies as a seaman for purposes of the Jones Act.

4.

Parker Drilling Offshore USA, L.L.C. does not contest venue in the Southern District of Texas, but avers that the Western District of Louisiana is a more convenient forum for litigating this action, and reserves its right to file a Motion to Transfer pursuant to 28 U.S.C. §1404.

5.

In response to the allegations of Paragraph 4.1 of the Original Complaint, Parker Drilling Offshore USA, L.L.C. was the owner and operator of inland drill barge 51B. The remaining allegations of Paragraph 4.1 constitute conclusions of law, and,

as such, require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, the allegations are denied.

6.

The allegations of Paragraph 4.2 are denied except to admit that plaintiff was an employee of Gulf Valve & Lubricating Services, Inc.

7.

The allegations of Paragraph 4.3 are denied.

8.

The allegations of Paragraph 5.1 are denied.

9.

The allegations of Paragraph 6.1 are denied.

10.

The allegations of Paragraph 7.1 are denied.

11.

The allegations of Paragraph 8.1 are denied.

12.

The allegations of Paragraph 9.1 require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, defendant also prays for a trial by jury.

SECOND DEFENSE

Defendant denies that it or anyone for whom it may be responsible was guilty of any negligence, unseaworthiness, strict

liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

### THIRD DEFENSE

In the alternative, if defendant or anyone for whom defendant may be responsible was guilty of any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question, or if for any other reason defendant would be responsible to plaintiff in this suit, defendant avers that plaintiff was guilty of contributory negligence constituting a proximate cause of the alleged accident in question, and said contributory negligence is herein pleaded as a complete defense of all claims presented, or alternatively, in mitigation of damages.

### FOURTH DEFENSE

In further answering, defendant alleges that plaintiff's injuries, if any, which are specifically and expressly denied, were caused by his own failure to perform a duty imposed on him by his employment, which plaintiff himself created and consciously assumed as a term of his employment and knowingly violated, which failure should act as a complete bar or in the alternative, as a mitigating factor to any recovery by plaintiff for damages herein.

## FIFTH DEFENSE

Defendant specifically pleads that plaintiff had the last clear chance to avoid the accident in question if any such accident in fact occurred.

## SIXTH DEFENSE

Further, defendant contends that if plaintiff sustained injuries or disabilities, such were, in whole or in part, the result of a physical condition which pre-existed the occurrence made the basis of this lawsuit, or occurred subsequent to the incident described in plaintiff's Original Complaint, for which defendant is not responsible.

## SEVENTH DEFENSE

In the further alternative, defendant avers that if plaintiff suffered any injuries which is denied, said injuries were caused by the acts, carelessness, inattention to duty, omissions and/or conduct of third persons, for whose fault and negligence defendants are not liable.

## EIGHTH DEFENSE

In the further alternative, defendant avers that plaintiff has failed to fully and properly mitigate his damages.

## NINTH DEFENSE

Defendant avers that plaintiff's alleged injuries/condition and/or resulting disability, if any, were caused and/or aggravated by a subsequent, intervening accident, incident, event or condition for which defendant was not in any way responsible.

## TENTH DEFENSE

Defendant avers that plaintiff's claims are barred by the exclusivity provisions of the Louisiana Workers' Compensation Statute and/or the Longshore and Harbor Workers' Compensation Act.

## ELEVENTH DEFENSE

Defendant affirmatively avers that as vessel owner it satisfied its duties and responsibilities to the plaintiff under Scindia Steam Navigation Co. Ltd. v. De Los Santos, and affirmatively avers that any hazard encountered by the plaintiff was open and obvious. Therefore, defendant has no legal duty or responsibility to plaintiff herein.

## TWELFTH DEFENSE

Parker Drilling Offshore USA, L.L.C. avers that no warranty of seaworthiness was due to plaintiff, or if any such warranty was owed, Parker Drilling Offshore USA, L.L.C. denies that there was any unseaworthiness for which Parker Drilling Offshore USA, L.L.C. would be responsible constituting a proximate cause of the alleged accident in question.

## THIRTEENTH DEFENSE

In the alternative, defendant specifically contends that if plaintiff is found to be a Jones Act seaman, which is denied, the same legal standard of causation for negligence, proximate cause, is to be equally applied to plaintiff and defendant as per Norfolk Southern Ry. Co. v. Sorrell, 127 S.Ct. 799 (2007).

## FOURTEENTH DEFENSE

Parker Drilling Offshore USA, L.L.C. avers that at the time of the alleged accident, plaintiff was not under the control and supervision of Parker Drilling Offshore USA, L.L.C., and was not a seaman nor a member of the crew of a vessel or identifiable fleet of vessels in navigable waters or in navigation which was in the possession or under the control of Parker Drilling Offshore USA, L.L.C.

## FIFTEENTH DEFENSE

Defendant prays for a trial by jury on all issues herein.

WHEREFORE, all premises considered, defendant, Parker Drilling Offshore USA, L.L.C., prays that the demands of the plaintiff herein be rejected, and that plaintiff's suit be dismissed with full prejudice and at plaintiff's cost. Defendant further prays for trial by jury on all issues.

MAHTOOK & LAFLEUR, L.L.C.

BY: _____
CHARLES A. MOUTON
(TBA #00785599)
P. O. Box 3089
Lafayette, LA 70502
600 Jefferson Street
Suite 1000 (70501)
Telephone : (337)266-2189
Telecopier: (337)266-2303
E-mail: cmouton@mandllaw.com

Counsel for Parker Drilling
Offshore USA, L.L.C.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U. S. Mail

( ) Facsimile      ( X ) CM/ECF System

Lafayette, Louisiana this 8th day of April, 2016.

_____
CHARLES A. MOUTON