IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOE CASTILLO § | C.A. No. 3:16-cv-00024 |
| § | |
| VS. § | |
| § | |
| PARKER DRILLING OFFSHORE § | |
| COMPANY, LLC, ET AL § | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Plaintiff Joe Castillo ("Plaintiff"), complaining of Defendants Parker Drilling Offshore USA, L.L.C. (previously sued as Parker Drilling Offshore Company, LLC) ("Parker Drilling"), Sabine Storage & Operations, Inc. ("Sabine"), and Golf Valve & Lubricating Services, Inc. ("Golf Valve"), and, for cause of action, would respectfully show unto this Honorable Court the following:

**I. PARTIES**

1.1     Plaintiff Joe Castillo, is a U.S. citizen and resident of Louisiana.

1.2     Defendant Parker Drilling Offshore USA, L.L.C., is a foreign limited liability company with its principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its attorney of record herein.

1.3     Defendant Sabine Storage & Operations, Inc., is a domestic corporation with its principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit,

and may be served with process through its registered agent, Harry G. Allison, 5718 Westheimer, Suite 1251, Houston, TX 77057.

1.4  Defendant Golf Valve & Lubricating Services, Inc., is a Louisiana corporation doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through in accordance with Rule 4(h) Fed.R.Civ.P.

## II. JURISDICTION

2.1  The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act 46 U.S.C. § 30104.

## III. VENUE

3.1  Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS AND NEGLIGENCE OF DEFENDANT

4.1  At all material times hereto, Defendants owned, operated and/or crewed the drilling barge *51B*, the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters at the time of the incident made the basis of this suit.

4.2  At all material times hereto, Plaintiff was employed by Defendants Sabine and/or Golf Valve and/or borrowed to Parker Drilling and was a member of the crew of the *51B*.

2

4.3     On or about November 12, 2015, while Plaintiff was performing his duties in the service of the vessel as directed, he sustained serious and debilitating injuries when he slipped on the vessel and fell into a rotary machine which sliced his left hand open. Plaintiff's injuries and resulting damages were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

    (a)     failing to take reasonable precautions for Plaintiff's safety;

    (b)     failing to provide Plaintiff with a reasonably safe place to work;

    (c)     failing to warn Plaintiff of known and/or existing hazards; and

    (d)     other acts of negligence and/or omissions to be shown at trial herein.

## V.  COUNT 1 - JONES ACT

5.1     Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, and/or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Parker Drilling's breach of its absolute duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1     Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendants had, and continue to have, a non-

delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties therefore continue. Defendants breached their absolute duty by denying payment of maintenance and cure. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendants' failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII. DAMAGES

8.1     As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to

sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

## IX. JURY DEMAND

9.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    713.653.5600
Facsimile:    713.653.5656
Email:        marcus@spaglaw.com

**OF COUNSEL**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    713.653.5600
Facsimile:    713.653.5656

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all counsel of record via CM/ECF Notice of Electronic Filing, in accordance with the Federal Rules of Civil Procedure on this ____ day of July, 2016.

                                         */s/ Marcus R. Spagnoletti*
                                         Marcus R. Spagnoletti