## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| JOE CASTILLO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 3:16-cv-00024 |
| | § | |
| PARKER DRILLING OFFSHORE | § | JUDGE HANKS |
| COMPANY, LLC, ET AL | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT SABINE STORAGE & OPERATIONS, INC.'S
## ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Sabine Storage & Operations, Inc. ("Sabine" or "Defendant"), files its Original Answer to Plaintiff's First Amended Complaint and Jury Demand.

## RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant responds to each paragraph in Plaintiff's First Amended Complaint in the order in which the allegations appear and under the headings as Plaintiff titled them.

### I.   PARTIES

1.1   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.1 of Plaintiff's First Amended Complaint and under FED. R. CIV. P. 8 such statement has the effect of a denial.

1.2   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.2 of Plaintiff's First Amended Complaint and under FED. R. CIV. P. 8 such statement has the effect of a denial.

1.3   With respect to Paragraph 1.3 of Plaintiff's First Amended Complaint, Defendant admits it is a domestic corporation with its principal place of business in the Southern

District of Texas. The remaining allegations in Paragraph 1.3 of Plaintiff's First Amended Complaint are denied. Sabine would show that it does business in Houston, Harris County, Texas.

1.4     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.4 of Plaintiff's First Amended Complaint and under FED. R. CIV. P. 8 such statement has the effect of a denial.

## II.     JURISDICTION

2.1     With respect to Paragraph 2.1 of Plaintiff's First Amended Complaint, Defendant admits this Court has jurisdiction, but denies that Plaintiff is a Jones Act seaman vis-à-vis Defendant.

## III.     VENUE

3.1     Defendant admits the allegation in Paragraph 3.1 of Plaintiff's First Amended Complaint.

## IV.     ALLEGATION OF FACTS AND NEGLIGENCE OF DEFENDANT

4.1     Sabine denies the allegations in Paragraph of 4.1 of Plaintiff's First Amended Complaint.

4.2     With respect to Paragraph 4.2 of Plaintiff's First Amended Complaint, Defendant admits only that Plaintiff was an employee of Golf Valve & Lubricating Services, Inc. Defendant denies the remaining allegations in Paragraph 4.2 of Plaintiff's First Amended Complaint.

4.3     Defendant denies the allegations in Paragraph 4.3 of Plaintiff's First Amended Complaint.

## V. ALLEGATION OF JONES ACT

5.1 Defendant denies the allegations in Paragraph 5.1 of Plaintiff's First Amended Complaint.

## VI. ALLEGATION OF UNSEAWORTHINESS

6.1 Defendant denies the allegations in Paragraph 6.1 of Plaintiff's First Amended Complaint.

## VII. ALLEGATION OF MAINTENANCE AND CURE

7.1 Defendant denies the allegations in Paragraph 7.1 of Plaintiff's First Amended Complaint.

## VIII. DAMAGES

8.1 Defendant denies the allegations in Paragraph 8.1 of Plaintiff's First Amended Complaint.

## IX. JURY DEMAND

9.1 Defendant denies the allegations in Paragraph 9.1 of Plaintiff's First Amended Complaint.

Defendant denies the allegations in the Prayer of Plaintiff's First Amended Complaint.

## **FIRST DEFENSE**

Defendant denies that it or anyone for whom it may be responsible is liable for any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident.

## SECOND DEFENSE

Defendant was not the Jones Act employer of Plaintiff and, as such, Plaintiff has no viable claims against Defendant under the Jones Act, for unseaworthiness, or for maintenance and cure.

## THIRD DEFENSE

At no material time was Plaintiff under the direction and control of Defendant. Plaintiff was not a borrowed servant of Defendant. Plaintiff was not a seaman or a member of the crew of a vessel or identifiable fleet of vessels in navigable waters or in navigation which was under Defendant's possession or control.

## FOURTH DEFENSE

The negligence or other fault of Plaintiff was a proximate or producing cause of his alleged injuries. Plaintiff failed to exercise ordinary care as would a person in the same or similar circumstances would have.

## FIFTH DEFENSE

The negligence or other fault of other parties and/or non-parties was a proximate cause or producing cause of Plaintiff's alleged injuries.

## SIXTH DEFENSE

Plaintiff failed to mitigate his alleged damages.

## SEVENTH DEFENSE

The alleged incident was the result of an unavoidable accident.

## EIGHTH DEFENSE

Plaintiff's alleged injuries were pre-existing, otherwise unrelated to the alleged incident or attributable to a subsequent event.

**NINTH DEFENSE**

Plaintiff's alleged claims may be barred, limited or foreclosed by the Louisiana Workers' Compensation Statute and/or the Longshore and Harbor Workers' Compensation Act. *Sharp v. Johnson Bros. Corp.*, 973 F.2d 423 (5th Cir. 1992); *Cooper v. Int'l Offshore Services, L.L.C.*, 390 Fed. Appx. 347 (5th Cir. 2010).

**TENTH DEFENSE**

Defendant affirmatively avers that it owed no legal duty to or had responsibility for Plaintiff.

**ELEVENTH DEFENSE**

Defendant avers that no warranty of seaworthiness was owed to Plaintiff, or if any such warranty was owed, which Defendant disclaims, Defendant denies that there was any unseaworthiness for which Defendant would be responsible constituting a proximate cause of the alleged incident.

**TWELFTH DEFENSE**

In the alternative, Defendant affirmatively avers that should Plaintiff be found to be a Jones Act seaman, which is denied, the same legal standard of causation for negligence, proximate cause, is to be equally applied to Plaintiff and Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's alleged claims for medical, which are denied, are subject to Section 41.0105 of the Texas Civil Practice and Remedies Code. Further, the amount of any future medical expenses Plaintiff claims to be entitled to should be limited to the present value of the cost of obtaining health insurance as is required by federal law pursuant to the provisions of the "Affordable Care Act."

**FOURTEENTH DEFENSE**

Defendant is entitled to an offset, credit, contribution and proportionate reduction regarding any percentage of negligence attributable to Plaintiff, co-defendants, responsible third parties and settling parties.

**FIFTEENTH DEFENSE**

Plaintiff has no evidence to raise a genuine issue of material fact on one or more elements of any claim on which he has the burden of proof.

**SIXTEENTH DEFENSE**

It is Plaintiff's burden to prove that his medical procedures and medical expenses were reasonable and necessary.

**SEVENTEENTH DEFENSE**

Section 18.091 of the Texas Civil Practice and Remedies Code requires Plaintiff to prove evidence of loss of earnings, loss of earning capacity and any other loss of pecuniary value in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

**EIGHTEENTH DEFENSE**

Defendant retained no control over the instrumentalities with which Plaintiff was working at the time of the alleged incident.

**NINETEENTH DEFENSE**

The condition of which Plaintiff complains was open and obvious and, as such, Defendant owed no duty to warn.

**JURY DEMAND**

Defendant prays for a trial by jury on all issues herein.

WHEREFORE, Defendant, Sabine Storage & Operations, Inc. prays that Plaintiff take nothing, that Plaintiff's claims be dismissed with prejudice, that all costs of court and attorney's fee be assessed against Plaintiff and for such other relief to Defendant may be entitled.

Respectfully Submitted,

By: */s/ Salvador J. Pusateri*
Salvador J. Pusateri T.A.
Texas Bar No. 24072867
S.D. Texas Bar No. 438301
Salvador.Pusateri@pbgglaw.com
**PUSATERI, BARRIOS, GUILLOT & GREENBAUM**
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY-IN-CHARGE FOR
SABINE STORAGE & OPERATIONS, INC.


W. Montgomery Briscoe
State Bar No. 03014500
Southern District of Texas Bar No. 7004
wmb@egglestonbriscoe.com
**EGGLESTON & BRISCOE, LLP**
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
(713) 659-5100 – Telephone
(713) 951-9920 – Facsimile

CO-COUNSEL FOR
SABINE STORAGE & OPERATIONS, INC.

## CERTIFICATE OF SERVICE

I certify that on this 5th day of October, 2016, a true and correct copy of the foregoing was forwarded to all counsel of record, including those indicated below, via any proper method of service allowed by the Federal Rules of Civil Procedure or via any method of service agreed to by the parties:

Kent M. Adams
Kent.Adams@wilsonelser.com
Tracy Freeman
**Wilson Elser Moskowitz
   Edelman & Dicker, LLP**
909 Fannin, Suite 3300
Houston, Texas 77010
*Facsimile (713) 785-7780*
ATTORNEYS FOR PARKER DRILLING COMPANY

Marcus Raymond Spagnoletti
marcus@spaglaw.com
Mary Holmesly
mholmesly@spaglaw.com
**Spagnoletti & Co.**
401 Louisiana Street, 8th Floor
Houston, Texas 77002
*Facsimile (713) 653-5600*
ATTORNEYS FOR PLAINTIFF

Charles A. Mouton
cmouton@mandllaw.com
**Mahtook Lafleur LLC**
600 Jefferson Street, Suite 1000
Lafayette, Louisiana 70501
*Facsimile (337) 266-2303*
ATTORNEY FOR PARKER DRILLING OFFSHORE COMPANY, LLC

                                         */s/ W. Montgomery Briscoe*
                                         W. Montgomery Briscoe